{¶ 21} In concur in the majority's disposition of appellant's sole assignment of error. However, I believe the majority improperly relies upon Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 {¶ 22} In appellant's brief to this Court, he points out only that portion of the trial, up until appellee rested its case, was included in the record on appeal. Appellant asserted therein anything thereafter was irrelevant in deciding whether the trial court correctly ruled on his Crim. R. 29 motion for acquittal. In its reply brief, appellee specifically states it does not take issue with appellant's statement of facts. The presumption of regularity recognized in Knapp only applies when portions of the transcript are necessary for resolution of the assigned error(s). The majority fails to indicate how the missing portion of the transcript is necessary to dispose of appellant's assigned error. I find it is not necessary; therefore, the majority's reliance on Knapp
misplaced.
 {¶ 23} Nevertheless, I concur in the majority's decision to overrule appellant's assignment of error and affirm his conviction because, assuming arguendo, a written statement of Father Tigyer did exist at one time, appellant cannot establish it was exculpatory in nature.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed. Costs assessed to Appellant.